O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILDA L. BODIFORD,<br><br>Plaintiff,<br><br>vs.<br><br>NANCY BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. 8:15-CV-1797 (VEB)<br><br>DECISION AND ORDER |

## I. INTRODUCTION

In August of 2012, Plaintiff Hilda L. Bodiford applied for Supplemental Security Income benefits under the Social Security Act. The Commissioner of Social Security denied the application.[1]

---

[1] On January 23, 2017, Nancy Berryhill took office as Acting Social Security Commissioner. The Clerk of the Court is directed to substitute Acting Commissioner Berryhill as the named defendant in this matter pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

Plaintiff, by and through her attorney, Lawrence D. Rohlfing, Esq. commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 11, 12, 41). On September 27, 2017, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 40).

## II. BACKGROUND

Plaintiff applied for benefits on August 16, 2012, alleging disability beginning June 1, 2012. (T at 173-76).[2] The application was denied initially and on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").

On January 16, 2014, a hearing was held before ALJ Keith Dietterle. (T at 45). Plaintiff appeared with her attorney and testified. (T at 49-67, 73-74). The ALJ also received testimony from Dr. Irvin S. Belzer, a medical expert (T at 67-75), and Ronald Hatakeyama, a vocational expert. (T at 75-79).

On April 4, 2014, the ALJ issued a written decision denying the application for benefits. (T at 26-44). The ALJ's decision became the Commissioner's final

---

[2] Citations to ("T") refer to the administrative record at Docket No. 16.

decision on September 10, 2015, when the Appeals Council denied Plaintiff's request for review. (T at 1-7).

On November 4, 2015, Plaintiff, acting by and through her counsel, filed this action seeking judicial review of the Commissioner's denial of benefits. (Docket No. 1). The Commissioner interposed an Answer on May 17, 2016. (Docket No. 16). The parties filed a Joint Stipulation on September 21, 2017. (Docket No. 39).

After reviewing the pleadings, Joint Stipulation, and administrative record, this Court finds that the Commissioner's decision must be affirmed and this case be dismissed.

## III. DISCUSSION

### A. Sequential Evaluation Process

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experiences, engage in any other

substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment

prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**B.     Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision,

made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the

Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

**C. Commissioner's Decision**

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since August 16, 2012, the alleged onset date. (T at 31). The ALJ found that Plaintiff's osteoarthritis of the left hip, degenerative disc disease of the lumbar spine, and obesity were "severe" impairments under the Act. (Tr. 31).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 34).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 CFR § 416.967 (b), with the following limitations: standing and walking limited to 4 hours in an 8-hour workday,

with a 5 to 10 minute break every 2 hours during the workday; occasional and frequent lifting/carrying 20 pounds; occasional use of the left lower extremity for pushing/pulling/operating foot controls; occasional balancing, stooping, kneeling, crouching, crawling; unable to climb ladders, ropes, or scaffolds; unable to work around unprotected height and dangerous or fast moving machinery; unable to operate a motor vehicle. (T at 34).

The ALJ noted that Plaintiff had no past relevant work. (T at 38). Considering Plaintiff's age (31 years old on the alleged onset date), education (limited), work experience (no past relevant work), and residual functional capacity, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform. (T at 38).

Accordingly, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act between August 16, 2012 (the alleged onset date) and April 4, 2014 (the date of the decision) and was therefore not entitled to benefits. (T at 39-40). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 1-7).

# IV. ANALYSIS

Plaintiff asserts a single argument in support of her claim that the Commissioner's decision should be overturned. She challenges the ALJ's credibility determination.

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the symptomatology alleged. See 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

In this case, Plaintiff's subjective complaints were as follows: She cannot sit, stand, or walk for extended periods. (T at 227). Dressing and standing are a challenge. (T at 231). She is often confined to bed by her symptoms, has no energy, and has difficulty bending. (T at 262). Pain makes it difficult to sleep, impacts her concentration, causes problems with completing tasks, and makes social interaction difficult. (T at 212, 216, 249). She uses a cane. (T at 250). Sitting is limited to 30 minutes at a time. (T at 55).

The ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that her statements regarding the intensity, persistence, and limiting effects of the symptoms were not fully credible. (T at 37). In sum, the ALJ found that Plaintiff's mental and physical impairments precluded her from some work settings, but did not render her wholly incapable of sustaining any and all work activity. (T at 34).

For the reasons that follow, this Court finds the ALJ's decision consistent with applicable law and supported by substantial evidence. The ALJ relied on assessments from Dr. Irvin Belzer, who testified as a medical expert at the administrative hearing, and Dr. M. Sohn, a non-examining State Agency review consultant. Both physicians concluded that Plaintiff could perform a range of light work, consistent with the ALJ's RFC determination. (T at 38, 71, 86-89).

State Agency review physicians are highly qualified experts and their opinions, if supported by other record evidence, may constitute substantial evidence sufficient to support a decision to discount a treating physician's opinion. *See Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996); *see also* 20 CFR § 404.1527 (f)(2)(i)("State agency medical and psychological consultants and other program physicians, psychologists, and other medical specialists are highly qualified physicians, psychologists, and other medical specialists who are also experts in Social Security disability evaluation.").

Moreover, "an ALJ may give greater weight to the opinion of a non-examining expert who testifies at a hearing subject to cross-examination." *Andrews v. Shalala*, 53 F.3d 1035, 1042 (9th Cir. 1995) (citing *Torres v. Secretary of H.H.S.*, 870 F.2d 742, 744 (1st Cir. 1989)). The clinical record indicated that Plaintiff had full muscle strength in all major muscle groups of the lower extremity with no sensory deficits. (T at 387, 401, 403, 405, 407, 410). *See Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999)(noting that lack of muscle atrophy is a valid factor for consideration as to credibility).

Although lack of supporting medical evidence cannot form the sole basis for discounting pain testimony, it is a factor the ALJ may consider when analyzing credibility. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). In other words, an

11

DECISION AND ORDER – BODIFORD v BERRYHILL 8:15-CV-1797-VEB

ALJ may properly discount subjective complaints where, as here, they are contradicted by medical records. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008); *Thomas v. Barnhart,* 278 F.3d 947, 958-59 (9th Cir. 2002).

The ALJ also noted that Plaintiff had a poor work history, which detracted from her credibility. (T at 37). In particular, Plaintiff stated that she stopped working in August 2010 because of her impairments (T at 195), but her earnings record showed no reported income from 2007 through 2010. (T at 186). *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002)(poor work history is a proper basis for discounting credibility). In addition, the ALJ relied on the fact that Plaintiff performed a variety of activities of daily living inconsistent with the level of impairment alleged, such as light household chores, reading, preparing simple meals, and shopping. (T at 56, 60-61, 211-19, 244-52).

When assessing a claimant's credibility, the ALJ may employ "ordinary techniques of credibility evaluation." *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 n.3 (9th Cir. 2010)(quoting *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996)). Activities of daily living are a relevant consideration in assessing a claimant's credibility. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Although the claimant does not need to "vegetate in a dark room" to be considered

disabled, *Cooper v. Brown*, 815 F.2d 557, 561 (9th Cir. 1987), the ALJ may discount a claimant's testimony to the extent his or her activities of daily living "contradict claims of a totally debilitating impairment." *Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2011).

Plaintiff offers various interpretations of the evidence, asserting alternative readings of the record that tend to cast her claims in a more favorable light. However, where, as here, substantial evidence supports the ALJ's credibility determination, this Court may not overrule the Commissioner's interpretation even if "the evidence is susceptible to more than one rational interpretation." *Magallanes*, 881 F.2d 747, 750 (9th Cir. 1989); *see also Morgan v. Commissioner*, 169 F.3d 595, 599 (9th Cir. 1999)("[Q]uestions of credibility and resolutions of conflicts in the testimony are functions solely of the [Commissioner].")

# V. CONCLUSION

After carefully reviewing the administrative record, this Court finds substantial evidence supports the Commissioner's decision, including the objective medical evidence and supported medical opinions. It is clear that the ALJ thoroughly examined the record, afforded appropriate weight to the medical evidence, including the assessments of the treating and examining medical providers and medical experts, and afforded the subjective claims of symptoms and limitations an appropriate weight when rendering a decision that Plaintiff is not disabled. This Court finds no reversible error and because substantial evidence supports the Commissioner's decision, the Commissioner is GRANTED summary judgment and that Plaintiff's motion for judgment summary judgment is DENIED.

# VI. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered AFFIRMING the Commissioner's decision and DISMISSING this action, and it is further ORDERED that

The Clerk of the Court file this Decision and Order and serve copies upon counsel for the parties.

DATED this 20th day of December, 2017,

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE